# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 18-cr-135-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     **SCOTT DANIEL ROUGHEN,**

    Defendant.

---

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

---

Before the Court is Defendant Scott Roughen's Motion for Compassionate Release ("Motion"). (ECF No. 80.) For the following reasons, the Court denies the Motion.

## I. BACKGROUND

On June 14, 2019, Roughen pleaded guilty to one count of tax evasion in violation of 26 U.S.C. § 7201. (ECF No. 54.) On February 18, 2020, the Court sentenced Roughen to 24 months' imprisonment, of which he has served approximately 14 months. (ECF No. 73.) He is housed at FCI Florence, a facility of the federal Bureau of Prisons ("BOP"). (ECF No. 80 at 2.)

Roughen filed his Motion on December 17, 2020, seeking immediate release from custody. (*Id.*) He asserts that he is at high risk of severe COVID-19 infection due to his health conditions of obesity and high cholesterol. (*Id.* at 7–9.) He further argues that his family circumstances warrant his release, as he wishes to assist his wife in

caring for their autistic adult son. (*Id.* at 9.) The Government filed a response in opposition to the Motion on December 29, 2020. (ECF No. 84.) Roughen filed a reply on January 15, 2021. (ECF No. 87.)

## II. ANALYSIS

Roughen invokes the Court's authority to grant what is commonly referred to as "compassionate release." The statutory basis for compassionate release is as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

Roughen argues that the sentencing factors set forth in 18 U.S.C. § 3553(a) favor his release because he is a first-time offender, has had exemplary behavior during his incarceration, has completed a drug abuse diversion course, and has served as a

tutor of General Education Development classes for other inmates. (ECF No. 80 at 11–12; ECF No. 88 at 1.) He contends that he has been rehabilitated and that the conditions of his supervised release will prevent any risk of his recidivism. (ECF No. 80 at 11–12.)

While Roughen's progress during his incarceration is encouraging, he committed a serious offense which involved defrauding the United States government over a span of 14 years by first failing to pay income tax and then attempting to evade discovery through tactics such as the creation of shell corporations. (ECF No. 69 at 4–9.) In the Court's view, allowing Roughen to serve little more than half of his original sentence—already the lowest within the guideline range for his offense—would not reflect the gravity of economic crimes such as Roughen's. *See United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Because economic and fraud-based crimes are more rational, cool and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence."). The Court therefore finds that a sentence of time served (almost 14 months) would not be consistent with "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed * * * to reflect the seriousness of the offense [and] * * * afford adequate deterrence to criminal conduct," § 3553(a)(2)(A)–(B); and "the kinds of sentence and the sentencing range established for [Roughen's crimes]," § 3553(a)(4).

Even if the Court were to determine that the sentencing factors favored Roughen's release, it must also find that extraordinary and compelling circumstances justify an early release. *See* 18 U.S.C. § 3582(c). The Court acknowledges the Tenth Circuit's recent guidance in *United States v. Carr*, — F. App'x — , 2021 WL 1400705

3

(10th Cir. 2021), holding that a district court retains broad discretion to define extraordinary and compelling circumstances and is not constrained by Sentencing Commission policy statements. *Id.* at *4–5; *see also United States v. Maumau*, 994 F.3d 821, 834 (10th Cir. 2021) (stating that "district courts . . . have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons'"). Exercising this authority, the Court is unconvinced that Roughen meets this threshold either.

Roughen contends that his health conditions of obesity and high cholesterol establish extraordinary and compelling circumstances warranting immediate release. (ECF No. 80 at 7–9.) Additionally, Roughen argues that his family circumstances are extraordinary and compelling. (ECF No. 80 at 9.) He states that his 25-year-old son is autistic and occasionally "becomes physical, emotionally unreasonable, and unresponsive when he has a problem or becomes frustrated." (*Id.*) Roughen asserts that his wife struggles to care for their son when he is in these moods. (*Id.*)

Assuming Roughen's obesity and high cholesterol are significant risk factors for severe COVID-19, the BOP website reflects that currently zero cases of inmates with the virus exist at FCI Florence. *BOP: COVID-19 Update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited May 12, 2021). The weight of authority thus far underscores the conclusion that extraordinary and compelling reasons generally do not exist where there are no confirmed cases of the virus at the prisoner's facility. *See, e.g.*, *United States v. Harden*, 2020 WL 4499993, at *2 (D. Colo. Aug. 5, 2020) (denying compassionate release despite medical conditions of asthma and bronchitis where no confirmed cases exist at facility); *United States v. Yurek*, 2020 WL

4

3415371, at *1–2 (D. Colo. June 22, 2020) (same); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (stating that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"). Further, although the Court is sympathetic to Roughen's family situation, he does not describe the type of situation which, in the Court's opinion, rises to the level of extraordinary and compelling circumstances. By Roughen's own representation, his son is employed, and his wife struggles to care for him only on occasions when he experiences particular moods, the frequency of which is unclear. (ECF No. 80 at 9.) Roughen does not assert that the circumstances are dangerous or emergent, only that his presence would assist in maintaining the peace at these times. (*See id.*) The non-existence of high-risk conditions at Roughen's facility, the lack of any compelling or dire family circumstances, coupled in turn with the Court's unfavorable consideration of the § 3553(a) factors, all counsel against reduction of Roughen's sentence. The Motion is therefore denied.

### III. CONCLUSION

For the reasons set forth above, Roughen's Motion (ECF No. 80) is DENIED.

Dated this 14th day of May, 2021.

BY THE COURT:

William J. Martínez
United States District Judge

5